**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

AMINATA DUNCANSON,

               Plaintiff,

        -v-                              3:23-CV-977 (AJB/ML)

BROOME COUNTY, Real Property Tax,

               Defendant.
_____

**APPEARANCES:**                                **OF COUNSEL:**

AMINATA DUNCANSON
Plaintiff, Pro Se
26 Pulaski Street
Binghamton, NY 13905

**Hon. Anthony Brindisi, U.S. District Judge:**

<u>**DECISION and ORDER**</u>

On August 11, 2023, *pro se* plaintiff Aminata Duncanson ("plaintiff") filed this civil

action against defendant Broome County, Real Property Tax ("defendant") using the District's

form complaint for 42 U.S.C. § 1983 actions.  Dkt. No. 1.  Along with her complaint, plaintiff

also moved for leave to proceed *in forma pauperis* ("IFP Application").  Dkt. No. 2.

On September 22, 2023, U.S. Magistrate Judge Miroslav Lovric granted plaintiff's IFP

Application, accepted plaintiff's complaint for filing, and ordered the Clerk of the Court to issue

a summons along with a copy of the complaint to the U.S. Marshals Service to effect service on

defendant.[1]  Dkt. No. 4.  Thereafter, defendant was served, Dkt. No. 11, but failed to answer or

appear to defend this action.  Both parties later failed to appear at the initial conference before

---

[1] A plaintiff authorized to proceed IFP under 28 U.S.C. § 1915 is entitled to rely on service by the U.S. Marshals Service or by another person specially appointed by the court.  Fed. R. Civ. P. 4(c)(3).

Judge Lovric.  Dkt. No. 13.  Eventually, however, plaintiff sought the entry of default against

defendant, Dkt. No. 16, which the Clerk of the Court entered on April 15, 2024, Dkt. No. 18.

On May 23, 2024, plaintiff moved under Rule 55 of the Federal Rules of Civil Procedure

for a default judgment.  Dkt. No. 22.  Defendant has been served with these papers but has again

failed to respond.  *Id*. at 6.[2]  The matter has recently been reassigned to this Court for all further

proceedings.  Dkt. No. 23.  Accordingly, plaintiff's motion will be considered on the basis of the

available submissions without oral argument.

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining

a default judgment.  FED. R. CIV. P. 55(a)–(b).  The first step is to obtain an entry of default from

the Clerk of the Court.  FED. R. CIV. P. 55(a).  The second step is to move for a default judgment,

which must be approved by the court except in those rare cases where the plaintiff's claim is for

a sum certain.  FED. R. CIV. P. 55(b)(1)–(2).

"[A] party's default is deemed to constitute a concession of all well pleaded allegations of

liability."  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir.

1992).  But "it is not considered an admission of damages."  *Id*.  And "it remains for the court to

consider whether the unchallenged facts constitute a legitimate cause of action, since a party in

default does not admit conclusions of law."  *LaBarbera v. ASTC Lab'ys Inc.*, 752 F. Supp. 2d

263, 270 (E.D.N.Y. 2010) (cleaned up).

Plaintiff's form complaint alleges that on July 28 of an unspecified year, she "received a

letter" from defendant notifying her that her property was "being transferred to Broome County"

unless she paid $6,185 and $195 before a certain date.  Dkt. No. 1 at 3.  Plaintiff further alleges

---

[2]  Pagination corresponds to CM/ECF headers.

that defendant did not give her any prior notice of this action but published the foreclosure in the newspaper. *See id*. at 2, 4. According to plaintiff, this was an "unlawful foreclosure." *Id*. at 2.

In his initial review, Judge Lovric determined that these allegations might suffice to state a § 1983 procedural due process claim. Dkt. No. 4. As Judge Lovric explained, "[i]n order to satisfy the requirements of due process, a property owner must be given notice of foreclosure proceedings before foreclosure can occur." *Id*. at 4–5 (quoting *Akey v. Clinton County, N.Y.*, 375 F.3d 231, 235 (2d Cir. 2004)). Although plaintiff's factual allegations were sparse, Judge Lovric nevertheless concluded that:

> [o]ut of an abundance of caution, mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, . . . and without expressing an opinion as to whether Plaintiff can withstand a properly filed motion to dismiss or for summary judgment, a response is required to Plaintiff's due process claim pursuant to the Fourteenth Amendment against Defendant.

Dkt. No. 4 at 5. Defendant later defaulted. So plaintiff's complaint was never tested with "a properly filed motion to dismiss or for summary judgment."

Of course, a defendant who appears to defend an action is not obligated to file a motion to dismiss or a motion for summary judgment. *See, e.g.*, *Choi v. 37 Parsons Realty LLC*, 642 F. Supp. 3d 329, 336 (E.D.N.Y. 2022) (explaining strategic considerations that lead defendants to avoid filing for pre-answer dismissal). And when defendant did *not* appear in this action, Judge Lovric indicated to plaintiff that a Clerk's entry of default would be an option to pursue. Dkt. No. 13 (directing plaintiff to seek the entry of default within fourteen days or to file a status report explaining why not). As noted *supra*, plaintiff promptly sought and received a Clerk's entry of default. Dkt. Nos. 16, 18. In turn, this development caused the Clerk's Office to issue its own directive to plaintiff: her next move should likely be to seek a default judgment. Dkt.

No. 19 (directing plaintiff to move for default judgment within thirty days or to file a status report explaining why not).

These were logical and appropriate instructions.  The assigned Magistrate Judge has a duty to keep cases moving toward a timely resolution and the parties had not left Judge Lovric with a lot of other options.  Defendant had failed to appear to defend this action.  Plaintiff, who was unrepresented, had failed to appear at the initial conference.  Dkt. No. 13.  Nudging plaintiff toward the availability of a Clerk's entry of default was an obvious way to keep this litigation on track.  The same is true of the directive issued by the Clerk's Office.  With defendant in default, the best way to maintain procedural momentum was to advise plaintiff to seek default judgment.

But procedural momentum is just one consideration.  There is a much more foundational concern: default judgment is a highly disfavored remedy.  *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) ("[A] default judgment is the most severe sanction which the court may apply."). "In determining whether a default judgment should enter, courts have cautioned that a default judgment is an extreme remedy that should only be granted as a last resort."  *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 347 (E.D.N.Y. 2009).

In fact, the Second Circuit has repeatedly expressed "a strong preference for resolving disputes on the merits."  *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (citation omitted).  Thus, although "[t]he decision whether to enter default judgment is committed to the district court's discretion," *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015), that discretion is fairly "circumscribed."  *Mickalis Pawn Shop, LLC*, 645 F.3d at 129.

As relevant here, the Second Circuit has held that "a district court may not enter a default judgment unless the plaintiff's complaint states a valid facial claim for relief."  *Moore v. Booth*, 122 F.4th 61, 69 (2d Cir. 2024) (cleaned up).  "In this respect, the standard for whether to award

a default judgment resembles that applicable to a motion to dismiss." *Henry v. Oluwole*, 108 F.4th 45, 55 & n.5 (2d Cir. 2024) (collecting cases).

Measured against these requirements, plaintiff's motion for default judgment must be denied because the unchallenged facts in her complaint do not state a valid § 1983 procedural due process claim. "To assert a violation of procedural due process rights, a plaintiff must 'first identify a property right, second show that the state has deprived [the plaintiff] of that right, and third show that the deprivation was effected without due process.'" *Ferreira v. Town of E. Hampton*, 56 F. Supp. 3d 211, 225 (E.D.N.Y. 2014) (quoting *Local 342, Long Island Pub. Serv. Emps., UMD, ILA AFLCIO v. Town Bd. of Huntington*, 31 F.3d 1191, 1194 (2d Cir. 1994)).

Liberally construed, plaintiff's complaint has sufficiently identified a protected property right in the parcel of real estate on which she pays property taxes to defendant. But plaintiff has not alleged that she suffered an actual deprivation of her protected interest in this property. As Judge Lovric previously noted, "[i]n order to satisfy the requirements of due process, a property owner must be given notice of foreclosure proceedings *before* foreclosure can occur." *Akey*, 375 F.3d at 235 (emphasis added).

But this is exactly what plaintiff's complaint alleges happened. She received notice in the form of a letter stating that a foreclosure would occur unless she paid certain back taxes that were allegedly due. Although plaintiff alleges that she received "no prior notice" before this letter, the relevance of the timing is completely unclear from the facts alleged. Even assuming that defendant had initiated a state-court foreclosure proceeding by the time plaintiff received this letter notice, there are no allegations tending to establish that a state-court judgment was entered or that title to the property was ever transferred to defendant or to any other party.

Notably, plaintiff's motion for default judgment includes an affirmation in which she attests to the same basic set of facts: defendant published her property for sale in a newspaper without "any prior notice" or "legal proceeding" because she was "wrongfully accused of not paying taxes." Dkt. No. 22 at 3. In this affirmation, plaintiff further states that she would have been deprived of her real property by defendant if she "had not taken the right actions." *Id*.

This affirmation does not change the analysis. If anything, the few additional facts set forth in this document tend to strengthen the conclusion that no actionable § 1983 procedural due process violation occurred. In the context of a foreclosure, "[d]ue process does not require that a property owner receive actual notice before the government may take his property." *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (citation omitted). Instead, the notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Cent. Hanover Bank*, 339 U.S. 306, 314 (1950) (citation omitted).

Where, as here, "a party receives actual notice that apprises it of the pendency of the action and affords an opportunity to respond, the due process clause is not offended." *Baker v. Latham Sparrowbush Assocs.*, 72 F.3d 246, 254 (2d Cir. 1995). "Indeed, state and federal courts have frequently decided, in cases where a plaintiff received actual notice, that the Due Process Clause was not offended even though the defendant had failed to fulfill all technical notice requirements imposed by statute or rule." *Oneida Indian Nation of N.Y. v. Madison County*, 665 F.3d 408, 429 (2d Cir. 2011).

In sum, plaintiff has failed to state a valid § 1983 procedural due process claim based on any allegedly "wrongful" foreclosure. *Henry*, 108 F.4th at 55 ("Only after the district court is convinced that the facts meet the elements of the relevant cause of action—whether those facts are established by well-pleaded allegations or proven by admissible evidence—may the district

court enter a default judgment."). To the contrary, the admitted facts and her other submissions establish that she received actual pre-deprivation notice, took "the right actions," and ultimately avoided suffering any deprivation of her protected property interest. Because the facts offered by plaintiff fail to establish defendant's liability as a matter of law, plaintiff's motion for default judgment must be denied.

The remaining question is how to handle plaintiff's facially defective pleading. Courts possess inherent authority to *sua sponte* dismiss as "frivolous" a matter that lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). But that kind of a finding would put an end to this litigation without giving plaintiff a chance to amend. *See, e.g.*, *Choi*, 642 F. Supp. 3d at 336 (explaining a frivolousness finding should result in dismissal without leave to amend).

That result would be unjust. Plaintiff is *pro se* and this was her first attempt at pleading a valid claim. *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (explaining a *pro se* litigant should be "afforded every reasonable opportunity to demonstrate that [she] has a valid claim"). So the better course of action under the circumstances is simply to *sua sponte* dismiss the complaint for failure state a claim.[3] *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam).

Under this approach, plaintiff will be permitted to try to re-plead her procedural due process claim. If plaintiff chooses to file an amended complaint, she is advised that she must include sufficient factual detail to enable to the Court to determine whether she has plausibly alleged an actionable § 1983 claim based on defendant's conduct with respect to the foreclosure that might have been initiated against her property. To do so, plaintiff should clearly set forth

---

[3] Because plaintiff's complaint will be dismissed, the Clerk's entry of default on that pleading must be vacated as moot. *See, e.g.*, *Allstate Ins. Co. v. Yadgarov*, 2014 WL 860019, at *8 (E.D.N.Y. Mar. 5, 2014) (collecting cases).

the facts that give rise to this claim, including the dates, times, and places of any of the alleged misconduct as well as any mailings or other notices she received.  Plaintiff is cautioned that any amended pleading will replace her prior complaint.  In other words, if plaintiff files an amended complaint it must be a single document that does not rely upon other material that has previously been filed with the Court (plaintiff can attach exhibits to the new pleading, such as the mailing or other notice she received from defendant).

Finally, the Court notes that a recent mailing from the Court to plaintiff has been returned as undeliverable.[4]  Dkt. No. 24.  Plaintiff is reminded that she must promptly notify the Court of any change of address.  N.D.N.Y. L.R. 10.1(c)(2).  Plaintiff is cautioned that her failure to do so, or to comply with this or other court orders in this action, may result in sanctions being imposed, including the dismissal of this case.  N.D.N.Y. L.R. 41.2(b).

Therefore, it is

ORDERED that

1.  Plaintiffs' motion for default judgment (Dkt. No. 22) is DENIED;

2.  Plaintiff's complaint (Dkt. No. 1) is *sua sponte* DISMISSED with leave to amend;

3.  The Clerk's Entry of Default (Dkt. No. 18) is VACATED as moot;

4.  Plaintiff shall have thirty days in which to file an amended complaint that conforms with the Federal Rules of Civil Procedure and the instructions set forth above;

5.  If plaintiff timely files an amended complaint, this matter will be referred to Judge Lovric for an initial review of the amended pleading and further action as appropriate; and

---

[4]  Plaintiff filed a second civil action against defendant, which is docketed at 3:24-CV-162.  There, plaintiff alleged fraud, retaliation, and discrimination arising from certain inaccuracies on her tax bill.  Judge Suddaby conditionally dismissed that pleading on December 3, 2024.  *Id*. at Dkt. No. 12.  After the time period in which to amend expired, the matter was assigned to this Court, *id*. at Dkt. No. 14, and the case was dismissed, *id*. at Dkt. No. 15.  The recent mailings to plaintiff in that action have also been returned as undeliverable.  *Id*. at Dkt. Nos. 13, 16, 17.

    6.  If plaintiff does not timely file an amended complaint, the Clerk of the Court shall close this action without further Order of the Court.

    The Clerk of the Court is directed to terminate the pending motion, set a deadline for amendment of the pleading, and mail a copy of this Order to defendant Broome County.

    **IT IS SO ORDERED.**

Anthony J. Brindisi
U.S. District Judge

Dated:  February 3, 2025
       Utica, New York.